UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL SMITH, et al., )
)
      Plaintiff, )
)
v. ) 18-CV-4072
)
WANDA PENNOCK, *et al.,* )
)
      Defendants. )

## **MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Circ. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its

face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

      The plaintiffs filed this lawsuit jointly alleging they are two legally married couples at Rushville and that Rushville officials will not allow them to live in the same housing units with their respective spouses. Plaintiffs allege that two other, nonparty, Rushville residents are married and permitted to live in the same housing unit. Plaintiffs allege they are permitted contact with their respective spouses at least once a week in the "central yard" and during other events.

      Those lawfully detained do not retain rights inconsistent with such confinement. See *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citing *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977)). Among the rights retained, freedom of association is one of the least compatible with the plaintiffs' present situation. *Id.* In addition, Plaintiffs have no due process right to unfettered contact with each other despite the fact that they share a familial relationship. See *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (no due process right to unfettered visitation); *Block v. Rutherford*, 468 U.S. 576, 585-88 (1984) (pretrial detainees have no constitutional due process right to contact visits).

      Officials "may violate the Constitution by permanently or arbitrarily denying a [lawfully confined person] visits with family members…." *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018). However, plaintiffs do not allege that they are denied all contact with their respective spouses, only that the contact is not as frequent as they desire, or presumably as frequent as another married couple at the facility. Plaintiffs' allegations do not suggest that they are treated differently than other married residents (including residents whose spouses are not confined at the facility), or that they have been treated differently than all other TDF residents with respect to housing assignments based solely on their marital status. Accordingly, plaintiffs fail to state a claim for federal relief.

**IT IS THEREFORE ORDERED:**

1. The plaintiffs' complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. Plaintiffs' motions for leave to proceed *in forma pauperis* [4], [5], [6], [7] are DENIED. With the entry of this order, plaintiffs' motion for status [16] is MOOT.

3. If the plaintiffs wish to appeal this dismissal, they may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiffs do choose to appeal, they will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4. A digital recording of the merit review hearing has been attached to the docket.

Entered this 25th day of July, 2018

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE